Mr. Justice Clayton
delivered the opinion of the court.
This was an action of debt brought in the circuit court of Panola, upon the transcript of a judgment recovered in Perry coupty, Alabama.
The defendant filed a plea of nul tiel record, which was found against him by the court. There is no variance between the record produced and that described in the declaration.
Efe also pleaded that he had no notice of the proceedings in the suit in Alabama. To this plea there was a general demurrer, which was sustained in the court below.
A judgment without notice, actual or constructive, is absolutely void, unless the want of notice be cured by the appearance of the party, or in some other recognised piode. Carthman y. Jones, 2 Yer. 484. Gwin v. McCarwell, 1 S. & M. 351. This is equally true, whether the judgment comes into question in the same state in which it was rendered, or in a different one. If the plaintiffs intended to rely upon the appearance of the defendant, as an answer to the averment of want of notice, they should have replied to that effect. The demurrer was therefore improperly sustained.
When the transcript is examined, there is no service of the writ shown, nor is any plea contained in' the record. The judgment, however, recites that the parties came by their attorneys, apd fhat a jury came to try the issue. In Alabama, the *215 state in which the judgment was rendered, it has been decided by their supreme court, that such an entry contained in the judgment cohcludes and binds the defendant, and makes the judgment a valid one. Gilbert v. Lane, 3 Porter, 268. Lucy v. Beck, 5 Ib. 168. Although this decision is, in our view, very questionable upon common law principles, yet we are in comity bound to presume the supreme court of that state to be better acquainted with its own laws than we can be. The act of congress directs that records and judicial proceedings shall have such faith and credit given to them in every court within the United States, as they have by law' or usage in the courts of the state from whence they are taken. This record in Alabama would be conclusive, and we must regard it so here, if we conform to the act of congress. In a case from a state whose decisions were different from those in Alabama, we should hold differently.
The decision upon the demurrer was not strictly correct. Rut when we look at the whole case, we see that a correct conclusion has been reached, and that one issue has been properly foitnd against the defendant, which is decisive Of the case. It would be needless, therefore, to reverse, where, according to the principles we declare, the judgment must ultimately be th'e same. Of the two pleas, one was correctly determined in the circuit court; the other, though incorrectly determined in form, is substantially right. The ends of justice would be best sub-served by an affirmance which will put an end to litigation, that must lead' to the same result.
It may be proper to add a few words, in regard to the form of the second plea. It concludes with a verification, and a prayer of judgment. It is insisted that the conclusion is bad. The rule is, that in a plea of mil tiel record, a verification is unnecessary, because the plea is in the negative. 1 Ch. Pl. 556. Salk. 520. 3 Ch. Pl. 994. An unnecessary averment may be rejected as surplusage, and does not vitiate. 2 S. & M. 149.
The judgment of the court below is affirmed.